**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 116559

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Carrell Paul, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> Aspen National Financial, Inc. d/b/a Aspen National Collections, <br><br> Defendant. | Docket No: <br><br> **CLASS ACTION COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Carrell Paul, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Aspen National Financial, Inc. d/b/a Aspen National Collections (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, § 559.55, Fla. Stat., *et seq.* (the "FCCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Carrell Paul is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

7. On information and belief, Defendant Aspen National Financial, Inc. d/b/a Aspen National Collections, is a Florida Corporation with a principal place of business in Leon County, Florida.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

10. Defendant is a corporation subject to the FCCPA.

## ALLEGATIONS

11. Defendant alleges Plaintiff owes a debt ("the Debt").

12. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6).

13. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

14. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

15. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated July 23, 2018. (**Exhibit 1.**")

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. The Letter provides for "Fees" of $310.80.

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692f**
**Unlawful Fee**

18. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

19. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

20. 15 U.S.C. § 1692f(1) prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

21. The fee of $310.80 is neither expressly authorized by the agreement creating the debt, nor permitted by law.

22. The fee of $310.80 is prohibited by 15 U.S.C. § 1692f(1).

23. Defendant violated 15 U.S.C. § 1692f by charging a fee of $41.39.

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692e**
**False Representation as to Unlawful Fee**

24. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

25. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

26. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

27. 15 U.S.C. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

28. 15 U.S.C. § 1692e(5) prohibits the threat to take any action that cannot legally be taken.

29. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

30. Defendant's representation that it was entitled to be paid a fee of $310.80 is a false, deceptive, and misleading representation in connection with the collection of the Debt, in violation of 15 U.S.C. § 1692e.

31. Defendant's representation that it was entitled to be paid a fee of $310.80 is a false representation of the character, amount, or legal status of the Debt, in violation of 15 U.S.C. § 1692e(2)(A).

32. Defendant's representation that it was entitled to be paid a fee of $310.80 is a false representation compensation that may be lawfully received by Defendant for the collection of a debt, in violation of 15 U.S.C. § 1692e(2)(B).

33. Defendant's representation that it was entitled to be paid a fee of $310.80 is a threat to take any action that cannot legally be taken, in violation of 15 U.S.C. § 1692e(5).

34. Defendant's representation that it was entitled to be paid a fee of $310.80 is a false representation and deceptive means to collect the Debt, in violation of 15 U.S.C. § 1692e(10).

35. Defendant's representation that it was entitled to be paid a fee of $310.80 is a false representation and deceptive means to attempt to collect the Debt in violation of 15 U.S.C. § 1692e(10).

### THIRD COUNT
### Violation of § 559.72 of the FCCPA

36. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

37. Section 559.72(9) of the FCCPA provides that a debt collector shall not "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

38. The least sophisticated consumer would be led to believe that the Website claims that Defendant was entitled to be paid an illegitimate fee of $310.80, in violation of Section 559.72(9) of the FCCPA.

39. The least sophisticated consumer would be led to believe that the Website attempts to collect an illegitimate fee of $310.80, in violation of Section 559.72(9) of the FCCPA.

40. The least sophisticated consumer would be led to believe that the Website threatens to collect an illegitimate fee of $310.80, in violation of Section 559.72(9) of the FCCPA.

41. The least sophisticated consumer would be led to believe that the Website asserts the existence of a legal right to collect a fee of $310.80, in violation of Section 559.72(9) of the FCCPA.

42. Defendant knew that it did not have a legal right to collect fee of $310.80.

43. Defendant violated Section 559.72(9) of the FCCPA.

### FOURTH COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations as to the Name of the <u>Creditor to Whom the Debt is Owed</u>

44. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

45. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

46. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

47. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

48. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

49. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

50. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

51. The identity of creditor to whom the debt is owed is a material piece of information to a consumer.

52. Knowing the identity of creditor to whom the debt.

53. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

54. A debt collector has the obligation not just to convey the name of the creditor to

5

whom the debt is owed, but also to state such explicitly.

55. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

56. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

57. Although the Letter identifies a "Creditor" of "VAC VILLG @ PARKWAY OA," it fails to explicitly identify a current creditor."

58. Plaintiff does not have an account with VAC VILLG @ PARKWAY OA.

59. Plaintiff does not owe any money to VAC VILLG @ PARKWAY OA.

60. The Letter fails to indicate who referred the account to Defendant.

61. The Letter fails to indicate who Defendant represents.

62. The Letter fails to indicate who is Defendant's client.

63. The Letter fails to indicate the name of any entity to which Plaintiff should make her check payable to.

64. The Letter indicates that if a payment is made by credit card, the credit card statement will reflect a charge from Defendant only.

65. Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

66. Defendant failed to clearly state the name of the creditor to whom the debt is owed.

67. The least sophisticated consumer would likely be confused as to the name of the creditor to whom the debt is owed.

68. The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debt is owed.

69. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

70. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

6

71. The least sophisticated consumer would likely be deceived by the Letter.

72. The least sophisticated consumer would likely be deceived in a material way by the Letter.

73. Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## CLASS ALLEGATIONS

74. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a fee, from one year before the date of this Complaint to the present.

75. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

76. Defendant regularly engages in debt collection.

77. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts attempted to collect a fee.

78. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

79. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

80. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class

and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

81. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Certify this action as a class action; and

b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

c. Find that Defendant's actions violate the FDCPA; and

d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant Plaintiff's costs; together with

g. Such other relief that the Court determines is just and proper.

DATED: April 1, 2019

**BARSHAY SANDERS, PLLC**

By: _/s/ *Craig B. Sanders* _____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 116559